UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EVA WESTMORELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17CV01626 AGF |
| | ) | |
| MEDTRONIC, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on Plaintiff Eva Westmoreland's motion to strike Defendants' affirmative defenses. For the reasons set forth below, the motion will be denied. Plaintiff filed this action against Defendants Medtronic, Inc., Medtronic USA, Inc., (jointly, "Medtronic"), and Jeff Belkowski, a Medtronic sales representative, seeking damages for the wrongful death of her mother. Decedent died following heart surgery in which her surgeon implanted a Medtronic Endurant II 25 mm graft in her aorta. Plaintiff alleges that Decedent's surgeon selected the 25 mm graft based on Belkowski's recommendation, and that the use of this size graft was contraindicated by Medtronic's own sizing documents. Plaintiff claims Belkowski, acting in the scope of his employment with Medtronic, and Medtronic as his employer, were negligent in recommending the contraindicated graft and that this recommendation was the direct and proximate cause of Decedent's death. Plaintiff seeks compensatory and aggravating (punitive) damages.

In their answer, Defendants raised 27 affirmative defenses, including that the complaint fails to state a claim upon which relief may be granted, intervening/superseding

cause, setoff, and that the punitive damages claim is vague. Plaintiff argues that Defendant's affirmative defenses should be stricken because they do not meet the "plausibility" standard applicable for stating a claim for relief, but rather only assert labels and conclusions. Courts in this District, however, have rejected this standard with respect to affirmative defenses. *See, e.g., Herbst v. Ressler & Assocs., Inc.*, No. 4:13-CV-2327 CAS, 2014 WL 4205294, at *8 (E.D. Mo. Aug. 22, 2014) ("Under Rule 8, the pleader of an affirmative defense need only 'state' the defense, but need not 'show' anything in order to survive a motion to strike.") (citation omitted); *CitiMortgage, Inc. v. Draper & Kramer Mortg. Corp.*, 4:10–CV–1784 FRB, 2012 WL 3984497, at *3 (E.D. Mo. Sept. 11, 2012). This Court will follow these decisions, as it did in *United States ex rel. Health Dimensions Rehabilitation, Inc. v. RehabCare Group, Inc.*, No. 4:12CV00848 AGF, 2013 WL 2182343, at *1 (E.D. Mo. May 20, 2013).

Nevertheless, an affirmative defense must give the plaintiff "fair notice of the nature of the defense . . . [and] where a challenged defense fails as a matter of law or is immaterial to the matter, the resources and time expended to counter such a defense constitute per se prejudice" and should be stricken. *Suzanne Degnan, DMD, PC v. Dentis USA Corp.*, No. 4:17-CV-292 (CEJ), 2017 WL 2021085, at *1 (E.D. Mo. May 12, 2017). Here, several of Defendant's affirmative defenses do not seem to meet these standards. For example, the 14th Affirmative Defense 14 states in full, "Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine"; the 16th Affirmative Defense states in full, "Plaintiff's claims are barred, in whole or in part, by the doctrines set forth in the Restatement (Second) of Torts § 388, Comment N"; and the 22nd Affirmative Defense

2

states in full, "Plaintiff's claims are barred, in whole or in part, by comment k of section 402A of the Restatement (Second) of Tort and the limitations upon the doctrine of strict product liability for purported design defect." ECF No. 24.

Rather than the Court going through each of the 27 affirmative defenses asserted to determine if they are sufficiently specific and legally viable, the Court will order Defendants to carefully review their affirmative defenses and amend their answer, as appropriate, so that it complies with the above standard.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **February 9, 2018**, Defendants shall file an amended answer setting forth affirmative defenses that Defendants have determined are legally viable, with sufficient specificity to give Plaintiff fair notice of the nature of each defense.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendants' affirmative defenses is **DENIED without prejudice** to reassert such a motion after Defendants file their amended answer. (ECF No. 30)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2018.