UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EVA WESTMORELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17CV01626 AGF |
| | ) | |
| MEDTRONIC, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on Plaintiff Eva Westmoreland's motion to strike Defendants' affirmative defenses set forth in their amended answer. For the reasons set forth below, the motion will be denied in large part.

Plaintiff filed this negligence action against Defendants Medtronic, Inc., Medtronic USA, Inc., (jointly, "Medtronic"), and Jeff Belkowski, a Medtronic sales representative. Plaintiff seeks damages for the wrongful death of her mother who died following heart surgery in which her surgeon implanted a Medtronic Endurant II 25 mm graft in her aorta. Plaintiff alleges that the surgeon selected the 25 mm graft based on Belkowski's recommendation, and that the use of this size graft was contraindicated by Medtronic's own sizing documents. Plaintiff claims that Belkowski, acting in the scope of his employment with Medtronic, and Medtronic as his employer, were negligent in recommending the contraindicated graft and that this recommendation was the direct and proximate cause of the decedent's death.

By Memorandum and Order dated November 6, 2017, the Court rejected Defendants' argument, in support of their motion to dismiss, that Plaintiff failed to state a claim for negligence and that Plaintiff's cause of action was preempted by the Medical Device Amendments Act of 1976 ("MDA") to the Food, Drug, and Cosmetics Act ("FDCA"), 21 U.S.C. § 360k. By Memorandum and Order dated February 5, 2018, in response to Plaintiff's motion to strike Defendants' affirmative defenses, the Court directed Defendants to file an amended answer setting forth only affirmative defenses that Defendants have determined are legally viable, with sufficient specificity to give Plaintiff fair notice of the nature of each defense.

The amended answer was filed on February 9, 2018. Defendants raise 25 affirmative defenses and add as their 26th affirmative defense, the reservation of the right to rely on other affirmative defenses. The first 25 affirmative defenses include the defenses that Plaintiff's claims are preempted by the MDA and FDCA (12th affirmative defense), that there is no private right of action under the MDA and FDCA (13th affirmative defense), that Plaintiff fails to state a claim upon which relief can be granted "as explained in Defendants' Memorandum in Support of [their] Motion to Dismiss" (18th affirmative defense), that a feasible alternative design was unavailable for the Endurant II 25 mm graft (19th affirmative defense), that the Endurant II 25 mm graft had no defect (22nd affirmative defense), and that the Endurant II 25 mm graft had adequate labeling (23rd affirmative defense). ECF No. 41.

Plaintiff argues that Defendants' affirmative defenses should be stricken because they are not relevant to the claims in the case, especially in light of the Court's ruling on the

motion to dismiss, and/or they only assert labels and conclusions. In response, Defendants state that they voluntarily withdraw the 26th affirmative defense, but that all other affirmative defenses are properly asserted.

Courts in this District have rejected, with respect to affirmative defenses, the "plausibility" standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), for stating a claim. *See, e.g., Herbst v. Ressler & Assocs., Inc.*, No. 4:13CV02327 CAS, 2014 WL 4205294, at *8 (E.D. Mo. Aug. 22, 2014) ("Under Rule 8, the pleader of an affirmative defense need only 'state' the defense, but need not 'show' anything in order to survive a motion to strike."); *CitiMortgage, Inc. v. Draper & Kramer Mortg. Corp.*, 4:10CV01784 FRB, 2012 WL 3984497, at *3 (E.D. Mo. Sept. 11, 2012). This Court will follow these decisions, and deny Plaintiff's motion to strike, except as regard to Defendants' affirmative defenses 19, 22, and 23, which are immaterial in this case for negligence in advising use of a product, and not for product liability. *See, e.g.*, *Suzanne Degnan, DMD, PC v. Dentis USA Corp.*, No. 4:17-CV-292 (CEJ), 2017 WL 2021085, at *1 (E.D. Mo. May 12, 2017) (stating that where a challenged defense is immaterial to the matter, "the resources and time expended to counter such a defense constitute per se prejudice" and the defense should be stricken).

In addition, the Court will allow affirmative defenses 12, 13, and 18 only for the purpose of preserving the issues for appeal. By not striking any of the other affirmative defenses, the Court in no way suggests that Defendants will prevail on any of them. The Court is merely holding that it sees no reason, at this point in the litigation, to grant the disfavored relief of striking a party's pleading.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike Defendants' amended affirmative defenses is **DENIED**, except as set forth above.   (ECF No. 42)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2018.